IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Baltimore Division

William A White
Petitioner

v.

C. Carter, Warden, FCI-Cumberland
Respondent

Case No: _____

Petition From: United States v. White
ND Ill Case No: 08-cr-851

FILED ___ ENTERED ___
LOGGED ___ RECEIVED ___
APR 17 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 USC § 2241 AND UNITED STATES v. TAYLOR 142 SCt 2015 (2022)

Comes Now the Petitioner, William A White, and, I Petition this Court to grant me Writ of Habeas Corpus and vacate my conviction for violating 18 USC § 373, Solicitation of a violent felony, in United States v. White ND Ill Case No: 08-cr-851, pursuant to 28 USC § 2241 and United States v. Taylor 142 SCt 2015 (2022). In support, I state as follows:

Parties, Venue, Jurisdiction

1) I am a federal prisoner serving an aggregate term of 349 months imprisonment at the Federal Correctional Institution ("FCI")-Cumberland in Cumberland, Maryland, within the Baltimore Division of the District of Maryland.

2) Respondent C. Carter is the Warden of FCI-Cumberland. She is the proper respondent for a petition pursuant to 28 USC § 2241. Rumsfeld v. Padilla, 542 US 426 (2004); Kanai v. McHugh 638 F3d 251 (4th Cir 2011)

-1-

3) This District is the proper venue for this petition. 28 USC §2241(a); Rumsfeld; Padilla.

4) 28 USC §2241 is the proper vehicle in which to raise a claim of conviction for conduct no longer criminal under a new rule of statutory interpretation. In Re: Jones 226 F3d 328 (4th Cir 2000)

Procedural Background

5) I was arrested October 17, 2008, and charged with solicitation of a violent felony in violation of 18 USC §373, the "violent felony" being obstruction of justice in violation of 18 USC §1503, United States v. White, Northern District of Illinois ("ND Ill") Case No. 08-cr-851.

6) The indictment was dismissed for failure to state an offense, July 26, 2009, United States v. White 638 F Supp 2d 935 (ND Ill 2009). On June 28, 2010, using a conduct approach to interpret the elements-clause-like language of 18 USC §373, the Seventh Circuit ordered the indictment reinstated, saying:

"The indictment... charges White with having the intent for another person to injure Juror A and soliciting another person to do so... The indictment properly charges a federal solicitation because injuring a juror for rendering a verdict is a federal offense under 18 USC §1503... We only look to see if an offense is sufficiently charged, and, on its face, the indictment adequately performs that function." United States v. White 610 F3d 936 (7th Cir 2010).

This binding law of the case prevented me from bringing any further

2010 opinion in this case. This finding is not binding on this Court. See, e.g., United States v. Pasquantino, 336 F.3d 321 (4th Cir 2003) (en banc) affirmed 544 US 349 (2005) (dicta non-binding); Alaimalo v. United States, 645 F3d 1042 (9th Cir 2011) (no res judicata or law of the case in habeas).

11) I have never raised Taylor in a previous post-conviction challenge.

12) As Taylor renders the conduct of my conviction non-criminal, I now bring this petition.

13) This case will likely be impacted by Jones v. Hendrix, Sup Ct No. 21-857.

Argument

14) 28 USC §2255(e) allows a person to challenge a conviction under 28 USC §2241 when 28 USC §2255 is "inadequate or ineffective" for that person. The Fourth Circuit has developed a three-part test to determine whether such a showing has been made:
  1) at the time of the conviction, settled law of the Circuit of conviction or the Supreme Court established the legality of the conviction;
  2) subsequent to the prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the person is convicted is deemed not to be criminal; and,
  3) the prisoner cannot satisfy the gatekeeping provisions of section 2255 because the new rule is not one of constitutional law.
  In Re: Jones 226 F3d 328 (4th Cir 2000)

15) In Taylor, the Supreme Court ruled that elements clause language, paralleled to that in 18 USC §373, must be interpreted using a categorical, not a conduct, approach. The Ninth Circuit has applied Taylor to 18 USC §373. United States v. Linehan 56 4TH 693 (9TH Cir 2022)

16) 18 USC §1503 provides that, "Whoever corruptly, or by threats of force, or by any threatening letter or communication" endeavors to obstruct justice, may be subject to prosecution. Because it may be violated "corruptly", it is not categorically a crime of violence under Taylor, and, thus, soliciting a violation of 18 USC §1503 is not criminal conduct under 18 USC §373.

17) The Seventh Circuit's ruling of United States v. White 610 F3d 936 (7TH Cir 2010) barred me from previously raising this argument on direct appeal or on 28 USC §2255.

18) Because Taylor is a case of statutory interpretation, 28 USC §2255 is not available to contest my conviction.

Thus, I petition this Court to vacate my conviction in United States v. White ND Ill Case No. 08-cr-851, as my conduct of conviction was not criminal and I am innocent of any crime.

Respectfully Submitted,

_____
William A White # 13888-084
FCI-Cumberland
PO Box 1000
Cumberland, MD 21501

CERTIFICATE OF SERVICE

I hereby certify that this Petition for Writ of Habeas Corpus was mailed to the Clerk of the Court, 1ST Class Postage Prepaid, this 13TH day of April, 2023.

_____
William A White,

-6-